IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONNY JOHNSON, JR., § | | |
| TDCJ-CID NO.1113985, § | | |
| Petitioner, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-2582 |
| § | | |
| DOUGLAS DRETKE, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions Division, § | | |
| Respondent. § | | |

OPINION ON DISMISSAL

Petitioner Lonny Johnson, Jr., an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony convictions. The Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.  PROCEDURAL HISTORY

Petitioner was convicted of three counts of indecency with a child in cause number 28,816-361. Punishment was assessed at three ten-year sentences, to be served concurrently. Petitioner's conviction was affirmed on two counts, and reversed on one count. A judgment of acquittal was entered on the one count. *See Johnson v. State*, No.01-02-00861-CR; No.01-03-00691-CR; No.01-03-00691-CR (Tex. App.–Houston [1st Dist.] July 17, 2003, no pet.). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed his conviction on two counts of indecency. TEX. R. APP. PROC. 68.2(a). Thus, petitioner's conviction on those two

counts became final for purposes of federal habeas corpus review on or about August 16, 2003. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the 361st District Court on December 12, 2003, which the Texas Court of Criminal Appeals dismissed on March 3, 2004, because a direct appeal was still pending, *i.e.*, mandate had not issued. Petitioner filed a second habeas application on May 13, 2004. The Texas Court of Criminal Appeals denied that application without written order on the trial court's findings without a hearing on December 15, 2004. (Docket Entry No.1). Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on July 25, 2005.[1] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1. He was indicted and prosecuted on evidence of indecency with a child even though no one, including complainant, filed charges against him;

2. The prosecutor told the jury that the abuse allegations were from complainant's faxed outcry letter to her mother; yet, the prosecutor knowingly elicited false statements of abuse from complainant at trial, without which the evidence would have been insufficient to convict petitioner;

3. The State suppressed and withheld exculpatory evidence; and,

4. Petitioner was denied the effective assistance of counsel.

(Docket Entry No.1).

II. ONE-YEAR STATUTE OF LIMITATIONS

---

[1] The district clerk actually recorded the petition as filed on July 26, 2005, but petitioner mailed the petition on July 25, 2005. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about August 16, 2003, the last day petitioner could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. That date triggered the one-year limitations period, which expired on August 16, 2004. If, however, petitioner's state habeas applications were properly filed within the limitations period, their pendency before the Texas Court of Criminal Appeals would toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition).

The Fifth Circuit recently held that "an application is not 'properly filed' if the state court blindly applies the procedural bar in all cases without ever having to consider any potential exception to its prohibition or examine any issues related to the substance of the application." *Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir.) (quoting *Artuz v Bennett*, 531 U.S. 4, 9 (2000)), *cert. denied*, 125 S.Ct. 141 (2004). In the state-court proceedings in *Larry*, as in this case, the petitioner had filed a state habeas application before the appeal of his state conviction became final under state law. *Id.* at 893. The state habeas application was pending for more than one year in state court before the convicting court issued findings of fact, denied the application, and forwarded it to the Texas Court of Criminal Appeals. *Id.* at 892. Upon receipt of the state habeas application, the Texas Court of Criminal Appeals dismissed it for want of jurisdiction because the habeas application was filed before the direct appeal of the underlying conviction became final. *Id.* The Fifth Circuit determined

4

that "Art. 11.07 [of the Texas Code of Criminal Procedures] provides the exclusive procedures and requirements for seeking habeas relief in non-death penalty cases, and the TCCA could not have exercised jurisdiction over Larry's state habeas application outside the procedures outlined in Art. 11.07. Larry's state habeas application was thus not properly filed." *Id.* at 896.

The same is true of petitioner's first state habeas application in this case. Because petitioner filed his first state habeas application before mandate issued, the Texas Court of Criminal Appeals did not have jurisdiction to consider it under state law. Therefore, petitioner's first state habeas application was not properly filed and its pendency before the Texas Court of Criminal Appeals did not toll the AEDPA limitations period.

Petitioner's second state habeas application was properly filed on May 13, 2004. It was pending before the Texas Court of Criminal Appeals until December 14, 2004, at which time the state court denied it without written order. The pendency of the second state habeas application before the Texas Court of Criminal Appeals tolled limitations for approximately seven months or until mid-March of 2005. Petitioner, however, filed the pending federal habeas petition on July 25, 2005, months after the March 2005 deadline. Therefore, petitioner's federal habeas petition is untimely.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does

5

not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.     CONCLUSION

Accordingly, the Court ORDERS the following:

1.      Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.      This cause of action is DISMISSED with prejudice.

3.      A certificate of appealability is DENIED.

Signed at Houston, Texas, on 19th day of September, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE